# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20553

United States Court of Appeals
Fifth Circuit

**FILED**
June 11, 2014

Lyle W. Cayce
Clerk

SHALINDER K. GUPTA

Plaintiff-Appellant

v.

PATRICK R. DONAHOE,
Postmaster General,
United States Postal Service

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-3857

Before DAVIS, ELROD, and COSTA, Circuit Judges.

PER CURIAM:*

Shalinder Gupta, a former employee of the United States Postal Service, appeals the district court's dismissal of his Rehabilitation Act and Title VII claims on summary judgment.

Gupta began working for the Postal Service in 1983 as a mail carrier in Houston. Sometime in 2003 or 2004, he volunteered to work as an acting customer service supervisor. While working in that capacity in April 2005,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20553

Gupta was the victim of an armed robbery. As a result of the incident, Gupta suffered physical and mental injuries, including post-traumatic stress disorder (PTSD), which prevented him from being around crowds of people or loud noises. In December 2005, the Postal Service offered Gupta a part-time acting position as a customer service supervisor with modified duties that limited his interaction with the public. Roughly half a year later, after being transferred to a different office where he had his own cubicle and did not have to interact with customers, Gupta resumed full-time work.

In October 2008, the Houston District Manager issued a directive to cancel all unfunded positions in order to meet the budget for that fiscal year. Gupta was told on October 31 that his position as acting customer service supervisor, which was unfunded, would be eliminated pursuant to this directive. Three days later, Gupta and a human resources manager met and discussed the new mail carrier position that the Postal Service would likely offer Gupta. Gupta expressed his desire that any job offer he received meet the medical restrictions delineated by his physician. When asked her view of the new position, the physician did not concur with the duties of the job offer because Gupta continued to suffer from PTSD and needed to "be in a secure facility not dealing with postal customers." More discussions with management ensued, at the conclusion of which Gupta was told that the mail carrier position was the only option available. Gupta immediately rejected the offer and went home. A couple weeks later, Gupta accepted the Postal Service's offer of voluntary retirement, which the Postal Service had made available to all employees.

Gupta filed the instant action in November 2011, alleging that he was forced into retirement because of the Postal Service's discrimination on the basis of race, harassment, and violations of the Rehabilitation Act, including disability discrimination and failure to accommodate. The district court

No. 13-20553

granted summary judgment for the Postal Service on all of Gupta's claims and entered judgment accordingly.  This timely appeal on the Rehabilitation Act and Title VII claims followed.

As part of Gupta's *prima facie* disability discrimination claim, we must determine whether he can perform the essential functions of his job, and if he cannot, whether he would be able to perform them with reasonable accommodations.  *Chandler v. City of Dallas*, 2 F.3d 1385, 1393–94 (5th Cir. 1993).  The parties urge us to decide whether the relevant "job" is Gupta's permanent position—mail carrier—or the temporary, albeit long-term, position—customer service supervisor—that he held at the time of the armed robbery and for several years thereafter.  But we need not reach this question; whether the job at issue is Gupta's permanent or temporary position, we agree with the district court that he is not qualified to perform either one.  Both positions require interacting with the public, and Gupta acknowledges that he is unable to perform a job that requires him to deal with customers.  Moreover, Gupta fails to identify any reasonable accommodations that would not eliminate those positions' essential functions.  He also presents no evidence of vacant, alternative positions in which the Postal Service should have, but did not, place him.  Finally, we agree with the district court that the Postal Service engaged in an informal, interactive process to find Gupta another position and thus did not fail to accommodate his disability.

With respect to the Title VII claim, the district court gave multiple reasons in its well-reasoned forty-one page opinion for dismissal, and we agree that summary judgment was also warranted on that claim. The judgment below therefore is AFFIRMED.

3